Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4217 | DATE | March 4, 2003 |
| CASE TITLE | Joyce L. Connell    v    Justin P. Coulter, etc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, Defendant City's motion for summary judgment is granted. The Court finds that defendant Coulter had probable cause to arrest plaintiff. This court declines to exercise supplemental jurisdiction over plaintiff's state law claims. They are dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 0 6 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 03 MAR -4 PM 12:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE L. CONNELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 02 C 4217 |
| | ) Judge Robert W. Gettleman |
| JUSTIN P. COULTER, individually and in his official capacity as a police officer and as an employee of the City of Highland Park, Illinois, CITY OF HIGHLAND PARK, ILLINOIS, an Illinois municipal corporation and a body politic, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joyce L. Connell ("Plaintiff") has filed a four-count complaint against the City of Highland Park ("City") and Highland Park Police Officer Justin P. Coulter ("Coulter"), alleging that Coulter violated her constitutional right to be free from unlawful arrest. In addition to her constitutional claim, plaintiff brings three state law claims for malicious prosecution, unlawful detention and intentional infliction of emotional distress.

The City initially moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, but attached to its motion a copy of the transcript of the plaintiff's state court criminal trial. This court, therefore, converted the motion to dismiss to a motion for summary judgment, pursuant to Fed. R. Civ. P 56, and gave the parties leave to file Local Rule 56.1 statements. The City asserts that because the undisputed facts demonstrate that Coulter had probable cause to arrest plaintiff, the City and Coulter are entitled to judgment as a matter of law. For the reasons explained below, City's motion is granted.

## FACTS

On Sept. 2, 2001, Coulter received a dispatch from another municipal police department, alerting him to the fact that there was a Buick automobile possibly driven by a person who was under the influence of alcohol headed in his direction (south on U.S. Route 41). Coulter observed plaintiff drive by in a Buick and pulled out behind her. While following behind plaintiff, Coulter verified that plaintiff's license plate was the same as the license plate number identified in the dispatch he had received from the other municipal police department. Coulter clocked plaintiff's speed at 65 miles per hour in a 55-mile-per-hour zone. He then turned on his lights and siren, directed plaintiff to the side of the road and turned on the video camera mounted on the dash of his police cruiser. Coulter then exited his vehicle and proceeded to plaintiff's car.

The video recording shows Coulter approach plaintiff's vehicle, check her license and ask her to get out of the car. Coulter then conducted or attempted to conduct four different field sobriety tests on plaintiff. Plaintiff failed three of the four tests, which included the horizontal gaze nystagmus test, the one-legged stand test, and the heel-to-toe and turn test. Coulter then attempted to administer a portable breathalyzer test on plaintiff but, after approximately 12 attempts, she was not able to complete the test. Coulter asked plaintiff if she had any medical conditions that were preventing her from taking the field sobriety tests and she responded "probably not." At that point, Coulter arrested plaintiff for driving under the influence of alcohol ("DUI"), improper lane usage and speeding.

At plaintiff's state court criminal trial, she was acquitted of the DUI and improper lane usage charges. She was found guilty of speeding.

2

## DISCUSSION

A movant is entitled to summary judgment under Fed. R. Civ. P. 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen Of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252. As always, the court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Miller v. American Family Mutual Insurance Co., 203 F.3d 997, 1003 (7th Cir. 2000); Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

Plaintiff filed her claim for false arrest under 42 U.S.C. § 1983, alleging that Coulter violated her civil rights by arresting her without probable cause. City and Coulter assert that Coulter had probable cause to arrest plaintiff because, at the time of arrest, she had failed numerous field sobriety tests. The fact that plaintiff was acquitted during her criminal trial on the DUI and improper lane usage charges is not relevant to the instant case. The standard of proof applicable to criminal proceedings (beyond a reasonable doubt) is much higher than the standard

3

of proof applicable to findings of probable cause. Bostic v. City of Chicago, 981 F.2d 968 (7th Cir. 1992) (holding that, "although probable cause requires more than mere suspicion, it does not require that the evidence at the time of arrest be sufficient to prove guilt beyond a reasonable doubt"). See also Warlick v. Cross, 969 F.2d 303, 306 (7th Cir. 1992); Hughes v. Meyer, 880 F.2d 967 (7th Cir. 1989). The sole issue for this court now to decide is whether Coulter had probable cause to arrest plaintiff.

An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause. Kelley v. Myler, 149 F.3d 641, 646 (7th Cir. 1998). Law enforcement officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. Kelley, 149 F.3d at 646. The court evaluates probable cause "not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer—seeing what he saw, hearing what he heard." Id. See also Woods v. City of Chicago, 234 F.3d 979, 987 (7th Cir. 2000).

The undisputed facts of this case show that Coulter observed plaintiff's vehicle, which had been identified by another municipal police department as a potential DUI, speeding and weaving slightly within its lane. After verifying that plaintiff's license plate was the same as the license plate number identified in the dispatch he had received from the other municipal police department, Coulter directed plaintiff to the side of the road, approached her vehicle, asked to see her license and then requested that she step out of the car. Coulter's contention that he smelled alcohol on plaintiff's breath is confirmed by plaintiff's admission that she just had come from a

wedding where she had "one glass" of wine. Coulter then conducted or attempted to conduct four different field sobriety tests on plaintiff, who failed three of the four tests. Coulter gave plaintiff approximately 12 opportunities to complete the fourth test, the portable breathalyzer test, but she was unable or unwilling to do so. Coulter asked plaintiff if she had any medical conditions that were preventing her from taking the field sobriety tests, and she responded "probably not." Plaintiff's improper driving gave Coulter justification for the traffic stop. His subsequent observation of plaintiff's behavior and speech, the odor of alcohol on her breath, and plaintiff's failure to pass even one field sobriety test gave Coulter probable cause to arrest plaintiff for DUI. Because Coulter had probable cause to arrest plaintiff for DUI, both he and the City are entitled to judgment on the § 1983 false arrest claim.

Moreover, even if Coulter did not have probable cause, he would enjoy qualified immunity from suit on the unlawful arrest claim. Coulter is entitled to qualified immunity if a reasonable police officer could have believed that his actions were lawful in light of clearly established law and the factual circumstances presented to him. Pecsenye v. Village of Park Forest, 1987 WL 102534 at *4 (N.D. Ill. 1997) (citing Colaizzi v. Walker, 812 F.2d 304, 308 (7th Cir. 1987). If Coulter reasonably but mistakenly concluded that he had probable cause, he is qualifiedly immune. Id.

In the instant case, it is undisputed the Coulter smelled alcohol, and that plaintiff failed all the field sobriety tests. A police officer who made these undisputed observations could have reasonably, even if mistakenly, believed that he had probable cause to arrest plaintiff for DUI. Therefore, Coulter is entitled to qualified immunity on the unlawful arrest charge.

## CONCLUSION

Because this court has found that Coulter had probable cause to arrest plaintiff, plaintiff's 42 U.S.C. § 1983 claim for false arrest against the City and Coulter fails. The court, therefore, grants City's motion for summary judgment.

In light of these rulings, this court declines to exercise supplemental jurisdiction over plaintiff's three state law claims against City and Coulter. They are dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

**ENTER:** **March 4, 2003**

Robert W. Gettleman
United States District Judge